IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID ARRIAGA SR., | |
| Plaintiff, | 8:11CV261 |
| v. | MEMORANDUM AND ORDER ON PLAINTIFF'S APPLICATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
| Defendant. | |

On November 20, 2012, the plaintiff, David Arriaga, filed an application for attorney fees under section 204(d) of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (See ECF No. 25.) Arriaga requests a fee award in the amount of $6,216.88, based on 34.3 hours of work at a rate of $181.25 per hour. (E.g., id. at 6.) The defendant[1] does not object to Arriaga's request. (Def.'s Response at 1, ECF No. 26.)

The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). I find that Arriaga is a "prevailing party" within the meaning of the EAJA; that the defendant's position was not "substantially

---

[1] Carolyn W. Colvin has been appointed to serve as Acting Commissioner of the Social Security Administration, and in accordance with Federal Rule of Civil Procedure 25(d), she is "automatically substituted as a party" in place of Michael J. Astrue.

justified"; that there are no special circumstances that make an award unjust; that Arriaga's counsel's devotion of 34.3 hours of work to this case was reasonable; and that counsel's request for an hourly rate of $181.25, which is supported by uncontested evidence of an increase in the cost of living since March 1996, is reasonable.  See 28 U.S.C. § 2412(d)(2)(A)(ii); Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990) ("We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded."). (See also Pl.'s Br., Cuddington Decl. & Itemization of Hours Expended, ECF No. 25.)  Arriaga's request for attorney fees in the amount of $6,216.88 is granted.  In accordance with Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010), this "award is payable to the litigant."

    **IT IS ORDERED** that the plaintiff's application for attorney fees under the Equal Access to Justice Act, ECF No. 25, is granted, and the plaintiff is awarded attorney's fees in the amount of $6,216.88.  This amount is to be paid directly to the plaintiff by the Social Security Administration.

    Dated April 16, 2013.

    BY THE COURT

_____

Warren K. Urbom
United States Senior District Judge